UNITED STATES of America,
Appellee,

v.

Buford Wilson WORLEY, Appellant.

UNITED STATES of America,
Appellee,

v.

A. C. BENNETT, Appellant.

Nos. 10622, 10624.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 31, 1966.

Decided Nov. 3, 1966.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Asst. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Gregory L. Hellbung, Attys., N. L. R. B., Washington, D. C., for petitioner.

Patrick B. Phelan, Long Beach, Cal., for respondent.

Before HAMLEY and ELY, Circuit Judges, and SOLOMON, District Judge.

N. Welch Morrisette, Jr., Columbia, S. C., for appellant in No. 10,622, and Charles B. Bowers, Columbia, S. C., for

appellant in No. 10,624 (G. Raymond Mc-Elveen, and Lightsey & Bowers, Columbia, S. C., on joint brief), for appellants.

Charles S. Porter, Jr., Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

PER CURIAM:

The only question presented by this appeal is whether on the facts of this case the District Court committed reversible error in permitting the United States to offer in evidence typed transcriptions of recorded telephone conversations.

A special agent of the Alcohol and Tobacco Unit of the Treasury Department testified that he identified Worley and Bennett as the persons talking, that he recorded the conversations, that he had the recordings,[1] that transcriptions had been made of them, and that he had compared the transcriptions to the recordings and that they were the same. Upon this foundation the United States offered the transcripts into evidence.

Although the basis for appellants' objections in the court below is not entirely clear in the record, we assume for purposes of this decision, as contended for by appellants, that the ground for the objection was that the tape recordings per se were the "best evidence", and that the failure of the United States to offer the recordings left a fatal gap in establishing authenticity of the transcriptions.

We think appellants' position is without merit because the record shows that before the transcriptions were received it was shown that the recordings were available and the District Judge indicated willingness to order them to be produced, in words as follows: "Well, he says he has the recording available here. Would you rather have the recording?"

Even after notice of appeal, counsel for the United States in open court offered to make the recordings available to counsel for appellants Bennett and Worley for the purpose of comparison with the transcripts introduced. It does not appear that the offer was ever accepted, and it is not asserted before us that the transcripts used varied from the tape recordings. Compare United States v. Hall, 342 F.2d 849 (4th Cir. 1965).

Affirmed.

---

1. They were in the office of the United States Attorney and readily available.